UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISAAC MIKE ABERGEL,

                Plaintiff,

-against-

SANTANDER BANK,

                Defendant.

19-CV-6535 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. He alleges that he faced "fraudulent charges after I.D. theft." By order dated August 19, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within thirty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

---

[1] Because of Plaintiff's abuse of the privilege of proceeding *in forma pauperis* (IFP), he was barred from filing new actions IFP after July 17, 2019, without prior permission of the Court. *See Abergel v. New York Lottery*, ECF 1:19-CV-6088, 2 (CM) (S.D.N.Y. Aug. 5, 2019). This action was filed before that order took effect.

them to raise the "strongest [claims] that they *suggest*," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis original).

**BACKGROUND**

Plaintiff Isaac Mike Abergel makes the following allegations:

> Fake debt failure to protect Identity fraud, aiding abetting fraud . . . Fraudulent charges after I.D. theft on my account and mom's never refunded. Failure to validate Identity They aid and abet the fraud and protect failure to authenticate my account.

(Compl. at 4.) Plaintiff seeks a "court order to lower balance to $0.00 balance on all accounts under my name and my mother['s] name." (*Id.*)[2]

In addition to this complaint, Plaintiff has filed dozens of actions, many of which included little more than the words "data breach," or "identity theft," and a plea for damages. *See, e.g., Abergel v. Janssen Pharmaceuticals, Inc.*, No. 19-CV-5681 (LLS) (S.D.N.Y. July 22, 2019) (alleging "fraud, Data Breach, Identity theft, Scam, aiding and abetting cyber criminals and computer hacking stalking constantly as well as check and bank fraud."); *Abergel v. Yahoo, Inc.*, No. 19-CV-6281 (LLS) (S.D.N.Y. July 22, 2019) (alleging "Data breach, identity theft, aiding and abetting fraud, aiding and abetting computer hacking, criminal enterprise"); *Abergel v. Sprint*, No. 19-CV-6410 (S.D.N.Y. July 22, 2019) (alleging "data breach, aiding and abetting data breach, ID theft, aiding and abetting ID theft, impersonation, aiding and abetting impersonation, computer hacking, and abetting computer hacking, aiding and abetting criminal enterprise").

---

[2] As a non-attorney, Plaintiff cannot bring claims on behalf of his mother or anyone else. *See, e.g.*, *United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008). Plaintiff's mother is also not a plaintiff in this action. The Court therefore addresses only Plaintiff Isaac Abergel's claims.

**DISCUSSION**

A.  **Fair Credit Billing Act**

The Court liberally construes Plaintiff's allegations that Defendant Santander Bank failed to "refund" disputed charges as arising under the Fair Credit Billing Act of 1974 (FCBA). The FCBA amended the Truth in Lending Act (TILA) to establish a procedure for settling disputed charges on credit accounts. It applies to "open-end credit," such as a such as a credit card or a revolving charge account that is "primarily for personal, family, household, or agricultural purposes."[3] Consumers must notify the creditor of billing errors within sixty days of the creditor's transmission of the statement containing the alleged error. 15 U.S.C. § 1666(a).[4] A creditor receiving such an inquiry must send a written acknowledgment within thirty days. 15 U.S.C. § 1666(A). The creditor has two billing cycles, or a maximum of ninety days, to resolve the dispute. 15 U.S.C. § 1666(B). To resolve a dispute, a creditor can either:

> (i) make appropriate correction in the account of the obligor, including the crediting of any such finance charges on amounts erroneously billed, and transmit to the obligor a notification of such corrections and the creditor's explanation of any change in the amount indicated by the obligor under paragraph (2) and, if any such change is made and the obligor so requests, copies of documentary evidence of the obligor's indebtedness; or
>
> (ii) send a written explanation or clarification to the obligor, after having conducted an investigation, setting forth to the extent applicable the reasons why the creditor believes the account of the obligor was correctly shown in the

---

[3] "Open-end credit" means consumer credit extended by a creditor under a plan in which: "(i) The creditor reasonably contemplates repeated transactions; (ii) The creditor may impose a finance charge from time to time on an outstanding unpaid balance; and (iii) The amount of credit that may be extended to the consumer during the term of the plan (up to any limit set by the creditor) is generally made available to the extent that any outstanding balance is repaid." 12 C.F.R. § 226.2(a)(20).

[4] To notify the creditor, the consumer must: (1) set out details of his name and account; (2) indicate his belief that the statement contains a billing error and the amount of the alleged billing error; and (3) set out his reasons for believing that there has been a billing error.

>statement and, upon request of the obligor, provide copies of documentary evidence.

15 U.S.C. § 1666.

Here, Plaintiff alleges that there were "[f]raudulent charges after I.D. theft on [his] account" and that he was "never refunded" for such charges. (Compl. at 4.) These allegations are insufficient to plead a violation of the FCBA. As an initial matter, Plaintiff has not pleaded any facts about whether the disputed charges with Santander Bank were for a credit card or other "open-end" account that was primarily for consumer purposes. Moreover, the creditor's duty to resolve the dispute is not triggered unless the consumer notifies the creditor in writing of the amount of the billing error and reasons for believing that it is an error. 15 U.S.C. § 1666(a). Plaintiff's complaint gives no indication that he notified Santander Bank of the allegedly fraudulent nature of the charges. For all of these reasons, Plaintiff's allegations fail to state a claim on which relief can be granted under the FCBA.

**B.     Fair Credit Reporting Act**

The Court also considers whether Plaintiff states a claim arising under the Fair Credit Reporting Act (FCRA). "[T]he FCRA itself does not create a federal cause of action for victims against perpetrators of identity theft." *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 444 (2d Cir. 2015). The FCRA, however, does impose certain duties on those furnishing information to consumer reporting agencies, 15 U.S.C. § 1681s-2, and "does provide for a private cause of action pursuant to § 1681s-2(b)," *Comunale v. Home Depot, U.S.A., Inc.*, 328 F. Supp. 3d 70, 80 (W.D.N.Y. 2018).[5] A furnisher's duties under § 1681s–2(b) include, among other things, to

---

[5] No private right of action exists for violations of § 1681s–2(a) because this provision "shall be enforced exclusively" by government officials. *See* 15 U.S.C. § 1681s–2(d); *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 427 (S.D.N.Y. 2010).

"conduct an investigation with respect to the disputed information," after receiving notice from a consumer reporting agency. 15 U.S.C. § 1681s–2(b)(1).[6] A plaintiff states a claim under that section by showing that "(1) the furnisher received notice of a credit dispute from a credit reporting agency, and (2) the furnisher thereafter acted in 'willful or negligent noncompliance with the statute.'" *Id.* at 80 (citing *Markovskaya v. Am. Home Mortg. Servicing, Inc.*, 867 F. Supp. 2d 340, 343 (E.D.N.Y. 2012)).

Here, although Plaintiff alleges that he was the victim of identity theft, he does not allege that Defendant Santander Bank received notice of a credit dispute from a credit reporting agency and failed to investigate or otherwise comply with any obligation under the FCRA. Plaintiff's complaint therefore fails to state a claim against Defendant Santander Bank under the FCRA.

C.   **New York's Fair Credit Reporting Act**

New York's Fair Credit Reporting Act creates a cause of action for a victim of identity theft to sue any person who engages in identity theft if the theft results in the transmission of certain information about the consumer to a consumer reporting agency. *Galper*, 802 F.3d at 441 (citing N.Y. Gen. Bus. L. §§ 380–l, 380–s).[7] Here, Plaintiff does not allege that Defendant Santander Bank or its employees engaged in identity theft, and Plaintiff's allegations thus do not state a claim under New York's FCRA.

---

[6] There is no private right of action under § 1681s–2(a) against a furnisher of information. *Caltabiano v. BSB Bank & Tr. Co.*, 387 F. Supp. 2d 135, 140 (E.D.N.Y. 2005).

[7] The federal Fair Credit Reporting Act "preempts state-law claims for identity theft if they are 'with respect to' subject matter regulated by FCRA provision relating to the responsibilities of persons who furnish information to consumer reporting agencies." *Galper*, 802 F.3d at 441.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is not clear than granting leave to amend would be futile, the Court grants Plaintiff leave to file an amended complaint to cure its deficiencies.

**LEAVE TO AMEND**

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-6535 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 30, 2019
       New York, New York

                                            COLLEEN McMAHON
                                       Chief United States District Judge